UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-CR-285 |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc No. 46] |
| GARY CHANEY, | |
| Defendant. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 10, 2014, Defendant Gary Chaney pled guilty to conspiracy to commit theft and embezzlement from a credit union, in violation of 18 U.S.C. § 371.[1] Chaney's co-conspirator Patrick Bruckman pled guilty to the same charge.[2] On March 13, 2015, this Court sentenced Chaney to 37 months of incarceration, and Bruckman to 24 months.[3]

Chaney has filed a habeas corpus petition under 28 U.S.C. § 2255 based on the disparity in sentencing.[4] The United States moves for an order waiving attorney-client privilege between Chaney and his counsel, David M. Lynch. The United States argues that by filing the habeas petition, Chaney put his communications with Lynch at issue, waiving the attorney-client privilege.[5] Chaney opposes.[6]

A petitioner waives the attorney-client privilege when asserting claims of ineffective assistance of counsel.[7] However, the privilege is only waived to the extent necessary to resolve

---

[1] Doc. 10.
[2] Doc. 15.
[3] Doc. 35; Doc. 34.
[4] Doc. 44.
[5] Doc. 46.
[6] Doc. 49.
[7] *In re Lott,* 424 F.3d 446, 453 (6th Cir.2005).

Case No. 1:14-CR-285
Gwin, J.

the ineffective assistance of counsel claim.[8] Indeed, the waiver must be no broader than needed to ensure the fairness of the proceeding.[9]

The Government recognizes these limitations in its motion. However, the order it seeks from the Court lacks any specifics as to the extent of waiver of the attorney-client privilege.[10]

In looking at Defendant Chaney's *pro se* § 2255 petition, the Court notes two separate arguments that Chaney appears to make.[11] First, Chaney alleges that his counsel failed to discuss with him the pros and cons of filing a direct appeal regarding the disparity in the imposed sentence. This clearly puts Chaney's conversations with counsel at issue. Chaney has waived attorney-client privilege with regards to discussion of a direct appeal.

Second, Chaney alleges that his counsel was ineffective in failing to seek a downward departure from the advisory guidelines at the time of sentencing. Chaney maintains that his attorney's error is apparent from the lack of action alone. However, under the *Strickland* standard, actions or omissions by counsel that might be considered strategic do not constitute ineffective assistance of counsel.[12] Whether an action is strategic or not depends in part on what counsel knew at the time of the decision.[13] Thus, Chaney has put at issue his discussions with counsel with regards to the sentencing process and possible mitigating factors.

---

[8] *Mason v. Mitchell,* 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003).
[9] *Bittaker v. Woodford,* 331 F.3d 715, 720 (9th Cir. 2003).
[10] The Government seeks an order "finding that the attorney-client privilege has been waived with respect to trial counsel's representations of Chaney as it relates to the petition's claims of ineffective assistance of counsel as set forth in his Motion." Doc. 46.
[11] Doc. 44-1 at 9.
[12] *Strickland v.Washington,* 466 U.S. 668, 689-90 (1984).
[13] *See, e.g.*, *Stinson v. United States*, 102 F. Supp. 2d 912, 918 (M.D. Tenn. 2000).

Case No. 1:14-CR-285
Gwin, J.

This Court **GRANTS** the United States' motion for waiver of the attorney client privilege consistent with this opinion.

IT IS SO ORDERED.

Dated: April 29, 2016                              *s/         James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE