```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :     Case No. 1:14-CR-285
                                                :     Case No. 1:16-CV-645
                Plaintiff,                      :
                                                :
        vs.                                     :     OPINION & ORDER
                                                :     [Resolving Doc. No. 44]
GARY CHANEY,                                    :
                                                :
                Defendant.                      :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Gary Chaney petitions for a writ of habeas corpus under 28 U.S.C. § 2255. He claims he was denied the effective assistance of counsel at his sentencing.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Chaney's petition.

## I. Background

On August 26, 2014, the United States filed an Information charging Petitioner Chaney and Co-Defendant Patrick Bruckman with one count of conspiracy to commit theft or embezzlement from a credit union in violation of 18 U.S.C. § 371.[3] On October 10, 2014, Chaney agreed to a written plea agreement, and pleaded guilty to Count 1 of the Information.[4]

On March 13, 2015, this Court sentenced Chaney to 37 months imprisonment, three years supervised release, and joint and several restitution in the amount of $1,886,000.[5] This Court

---

[1] Petitioner filed his motion pro se. Doc. 44.
[2] Doc. 51. Petitioner Chaney replies. Doc. 52.
[3] Doc. 1.
[4] Doc. 9.
[5] Doc. 37.

Case No. 1:14-CR-285
Gwin, J.

sentenced Co-Defendant Bruckman to 24 months imprisonment, three years supervised release, and joint and several restitution in the amount of $1,886,000.[6]

Petitioner Chaney filed the instant motion to vacate on March 16, 2016. Chaney's petition focuses on the difference between his sentence and Co-Defendant Bruckman's sentence. Chaney claims ineffective assistance of counsel because his attorney, David Lynch, failed to argue for a downward departure from the Guidelines at Chaney's sentencing.[7] Chaney also claims that his attorney failed to advise him on direct appeal.[8]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[9]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[10] Habeas petitioners generally cannot raise arguments that they failed to raise on direct appeal, but ineffective assistance of counsel claims are not subject to this rule.[11]

---

[6] *See* Docket No. 1:14-CR-185-002, Doc. 36.
[7] Doc. 44-1 at 9.
[8] *Id*.
[9] 28 U.S.C. § 2255(a).
[10] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[11] *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

Case No. 1:14-CR-285
Gwin, J.

### III. Analysis

Chaney alleges a defect of constitutional magnitude: ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[12]

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[13] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[14] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[15]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[16]

*A. Downward Departure*

Chaney first argues that Attorney Lynch was ineffective for "fail[ing] to try for a downward departure from the advisory guidelines."[17]

Chaney's argument fails because his attorney's decision not to argue for a downward departure was within an "objective standard of reasonableness." Chaney's plea agreement stipulated that "[n]either party will recommend or suggest in any way that a departure or variance is appropriate, either regarding the sentencing range or regarding the kind of

---

[12] 466 U.S. 668 (1984).
[13] *Id.* at 688.
[14] *Id.* at 690.
[15] *Id.* at 690-91.
[16] *Id.* at 695.
[17] Doc. 44-1 at 9.

Case No. 1:14-CR-285
Gwin, J.

sentence."[18] Chaney agreed to this provision and agreed that he would not seek a variance. Given this plea agreement provision, Lynch's decision not to argue for a downward departure was "professionally competent."

Chaney's argument also fails because he cannot show prejudice—the second prong of the *Strickland* test. This Court's decision to grant a downward departure is "purely discretionary [and] specifically insulated by statute from judicial review."[19] Even if counsel had argued during sentencing for a downward departure, this Court would still have imposed a Guidelines sentence. Chaney cannot show that his attorney's failure to pursue a downward departure affected the outcome of his case.

### B. Direct Appeal

Petitioner Chaney also argues that his attorney was ineffective for "not discussing the pros and cons of filing Direct Appeal . . . [where the sentencing] disparity [with Co-Defendant Bruckman] could have been addressed."[20] Chaney again fails to show that counsel's performance was deficient or prejudicial.

Counsel represented Chaney with a sufficient standard of care. In an affidavit, Attorney Lynch states that he "advised Mr. Chaney that as a result of our strategic decision to enter into a plea agreement, there is no longer a good faith reason to appeal . . . . I recall him affirmatively stating 'I understand, Dave.'"[21]

Even if Attorney Lynch had not discussed the futility of filing an appeal, Chaney cannot show prejudice. In his plea agreement, Chaney waived most of his appellate rights with limited

---

[18] Doc. 10 at 4.
[19] *United States v. Boyd*, 259 F. Supp. 2d 699, 705 (W.D. Tenn. 2003); *see also United States v. Dellinger*, 986 F.2d 1042, 1044 (6th Cir. 1993) ("This court has no jurisdiction to hear an appeal of a district court's discretionary refusal to depart downward.").
[20] Doc. 44-1 at 9.
[21] Doc. 51-1 at 1-2.

Case No. 1:14-CR-285
Gwin, J.

exceptions.[22] Because Chaney's sentence was within the Guidelines range, he waived the right to appeal it. Whether or not Chaney and Attorney Lynch discussed filing an appeal, the outcome of Chaney's case would not have changed.

Moreover, this Court was justified in sentencing Chaney to a longer prison term than Co-Defendant Bruckman's term. Although they engaged in similar conduct in defrauding the credit union, Chaney received significantly more money for his own personal expenses than Bruckman received. Chaney fraudulently withdrew approximately $241,000 for personal expenses, whereas Bruckman withdrew less, approximately $63,000 for personal expenses.[23] Because Chaney used significantly more credit union funds for personal expenditures, this Court imposed a longer sentence on Chaney. The disparate sentencing was the result of Chaney's criminal activity, not his attorney's performance.

Chaney's claims for ineffective assistance of counsel fail.

### IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Chaney's petition. There is no basis upon which to issue a certificate of appealability.[24]

IT IS SO ORDERED.

Dated:  December 13, 2016                     *s/      James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[22] Doc. 10 at 5-6.
[23] Doc. 26 at 4.
[24] *See* 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).